# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MARK TIMOTHY MILES**                                                               **PLAINTIFF**

**V.**                         **CASE NO. 3:21-CV-00229 LPR-JTK**

**KILOLO KIJAKAZI, ACTING COMMISSIONER OF**
**SOCIAL SECURITY ADMINSTRATION**[1]                          **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.  Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.  Introduction:

Plaintiff, Mark Timothy Miles ("Miles"), filed applications for disability

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

benefits and supplemental security income on February 7, 2017. (Tr. at 133-134, 142-143). In the applications, he alleged that his disability began on December 30, 2012. *Id*. The applications were denied initially and upon reconsideration. After conducting a hearing, an Administrative Law Judge ("ALJ") denied Miles's claim on May 3, 2019. (Tr. at 196). Miles requested that the Appeals Council review the hearing decision.

Upon review, the Appeals Council remanded the claim for another hearing, for further development of the record if needed, and for another ALJ to determine whether Miles engaged in substantial gainful activity in 2018. (Tr. at 196-198).

After a second hearing, another ALJ determined that Miles was not disabled. (Tr. at 11-25). The Appeals Council denied Miles's request for review. (Tr. at 1-4). The ALJ's decision now stands as the final decision of the Commissioner, and Miles has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III. The Commissioner's Decision:

The ALJ found that Miles had not engaged in substantial gainful activity since the alleged onset date of December 30, 2012.[2] (Tr. at 14). The ALJ found, at Step

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§

Two, that Miles has the following severe impairments: degenerative disc disease, degenerative joint disease, depression, and anxiety. *Id*.

At Step Three, the ALJ determined that Miles's impairments did not meet or equal a listed impairment. (Tr. at 15-17). Before proceeding to Step Four, the ALJ determined that Miles had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations: (1) he can no more than occasionally stoop, crouch, crawl, and kneel; (2) he can no more than occasionally reach overhead bilaterally; (3) he is able to perform work where the interpersonal contact is incidental to the work performed (incidental defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, accepting payment, and making change); and (4) he is able to perform work where the complexity of tasks is learned by demonstration or repetition within 30 days, with few variables, and little judgment, and where the supervision required is simple, direct, and concrete. (Tr. at 17).

At Step Four, the ALJ found that Miles was unable to perform any past relevant work. (Tr. at 23). Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that that, based on Miles's age, education, work experience,

---

404.1520(a)-(g), 416.920(a)-(g).

and RFC, there were jobs in the national economy that he could perform. (Tr. at 23-24). Therefore, the ALJ found that Miles was not disabled. *Id*.

## IV. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Miles's Arguments on Appeal

Miles argues that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He contends that the ALJ failed to properly evaluate the opinions of Sumner Cullom, M.D., and that the ALJ failed to follow the Appeals Council's order.

Miles's main treatment came from Dr. Cullom, although there were some significant gaps in his treatment. While Miles complained of elbow and back pain, objective testing revealed normal findings. (Tr. at 22, 585-590). Aside from some elbow tenderness, clinical examinations were grossly normal. (Tr. at 585-588, 663). Steroid injections were moderately effective. (Tr. at 19). Moreover, at various

5

appointments with Dr. Cullom, Miles said he was working heavy duty jobs.[3] (Tr. at 586, 660). And Miles said he could do things like maintain hygiene, mow the yard, cook meals, shop in stores, drive, do chores for his mother, and watch TV.[4] (Tr. at 16-18, 442-446).

Miles told Dr. Cullom that he was depressed, but he did not seek dedicated psychiatric care from a therapist or psychiatrist. Dr. Cullom did not recommend inpatient hospitalization. At a February 2019 consultative examination, Miles was focused, alert, and oriented and conversed easily, with good eye contact. (Tr. at 16, 665-672). He had normal affect and speech and understood all directions. *Id*. The examiner said that Miles would not be impaired in performing basic work tasks, from a mental function standpoint. *Id.*

Dr. Cullom filled out various medical source statements, all stating that Miles would be significantly limited in his mental function at work and could not perform even sedentary work. (Tr. at 620-624, 673-687). The ALJ carefully evaluated these statements, which were on checkbox forms and provided little elaboration. He found

---

[3] Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).

[4] Such daily activities undermine Miles's claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

that they were entitled to little weight.[5] (Tr. at 21-23). The ALJ gave good reasons for this conclusion, including relatively normal objective imaging tests, little treatment, and conservative treatment at that. *Id*. Physical therapy was never recommended, and neither was surgery. *Id*. The ALJ noted that Dr. Cullom's mental restrictions were inconsistent with notes showing calm and composed demeanor, with intact cognition. (Tr. at 20). Dr. Cullom's opinions were simply inconsistent with the balance of the medical record, and the ALJ correctly discounted them, giving good reasons for why he did so.

Miles argues that if the ALJ had fully credited Dr. Cullom's statements, the RFC would have eliminated work. But the RFC properly incorporated Miles's credible limitations and the ALJ even assigned mental function restrictions in the RFC, although the reviewing psychiatric experts found no mental function restrictions, due to insufficient evidence (because Miles failed to cooperate with

---

[5] After Miles applied for benefits, new regulations were adopted by the Social Security Administration regarding treatment of opinions provided by treating physicians. Because the application here pre-dates March 27, 2017, when the new regulations became effective, they do not apply. Instead, prior case law controls, providing that the opinion of a treating physician is given deference and "is to be given controlling weight where it is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in the record." *Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003). Short checkbox opinions may properly be discounted, if they are conclusory or unsupported by relevant medical evidence. *See Thomas v. Berryhill*, 881 F.3d 672, 675-676 (8th Cir. 2018).

reviewing experts' inquiries).[6] (Tr. at 141-163). The ALJ clearly gave some weight to Miles's complaints of mental limitations.

Finally, Miles contends that the ALJ failed to follow the remand order issued by the Appeals Council. The Appeals Council directed the ALJ to hold another hearing, obtain any necessary supplemental evidence, consider Miles's past work, and conduct a Psychiatric Review Technique in his decision. (Tr. at 11-12).

The ALJ acknowledged the instructions from the Appeals Council in the written decision. (Tr. at 11-24). Additional evidence was obtained from Dr. Cullom. The ALJ asked Miles about his past work at the hearing and addressed it in the decision. (Tr. at 23). The ALJ completed a Psychiatric Review Technique in the decision as instructed. (Tr. at 15-17). And Miles and his representative had the opportunity to ask questions at the hearing. The ALJ fully complied with the Appeals Council remand order.

## V.  **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered Dr. Cullom's opinions and he complied with the Appeals Council's remand order. The finding that Miles was not disabled within

---

[6] The Court reminds Miles that the claimant "has the responsibility for presenting the strongest case possible." *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 3rd day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE